**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JOE NATHAN WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-CV-131-SNLJ |
| ) | |
| JONATHAN RASNIC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Joe Nathan Williamson, a prisoner who is proceeding *pro se* and *in forma pauperis*. For the reasons discussed below, the Court will dismiss this action at this time, without prejudice.

**Background**

The background of this case is fully set forth in the prior order of this Court, but the Court recites the following essential facts. Plaintiff initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 against the New Madrid Circuit Court, two Sheriff's Departments, "Sikeston Probation and Parole," the Missouri Department of Corrections ("MDOC"), and certain individuals, including his probation officer. It appeared he intended to assert claims related to unrelated events, including being arrested, denied his rights in State court, and denied medical care while detained.

Because of the manner in which plaintiff prepared the complaint, the Court could not discern any plausible claim for relief. The Court determined the complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2), but gave plaintiff the opportunity to file an amended complaint. In so doing, the Court clearly explained to plaintiff the reasons the

complaint was subject to dismissal, and gave him clear instructions about how to prepare the amended complaint. The Court stressed the importance of alleging facts explaining how each named defendant was personally involved in or directly responsible for causing harm. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

2

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff filed the amended complaint against probation officer Jonathan Rasnic, and "Sever[a]l Members from the Intake dept at ERDCC." (ECF No. 8 at 1). Plaintiff sets forth his statement of claim in its entirety as follows:

> I was transfered to ERdcc on 5-15-2020 after papers were fabricated I made everyone inside the intake dept aware of the situation which wasn't being taken serious at the time I was inside MDOC and was not suspose to be IM seeking relief for this it was cruel & unusual for holding me 6 days at ERdcc before these individuals noticed the mistake it will be clear for the courts to see that I was being held if photographic surveillance is involved the state will have copies and computer files . . .
>
> In the month of April 2020 I was denied medical attention and when these people were informed daily nothing changed is why my suit will be filed under 1983 act cruel and unusual punishment every one in theyre individual capacity at Scott County Jail Benton Missouri Jim Chambers and the nurses name is Joe I could not receive his last name these people knew and didn't help me get help or proper medication with the incident happening I sat with pain and suffered for at least a month and I still have issues of pain to this present day

*Id.* at 11-12.[1]

## Discussion

The amended complaint fails to state a plausible claim against Jonathan Rasnic or "Sever[a]l Members from the Intake dept at ERDCC." Plaintiff has named Jonathan Rasnic as a defendant in this matter, but in setting forth his claims for relief, plaintiff does not mention Rasnic, much less allege that he was personally involved in any wrongdoing. Merely listing Rasnic as a defendant in a case caption is insufficient to support a claim against him. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

Plaintiff has also named "Sever[a]l Members from the Intake dept at ERDCC" as defendants in this matter. Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff has failed to make specific allegations as to "Sever[a]l Members from the Intake dept at ERDCC" such that any individual's identity could be ascertained after reasonable discovery. The fictitious defendants are not only unidentified, they are indeterminate in number. This is impermissible. *See Estate of Rosenberg v. Crandell*,

---

[1] The text is quoted without correction of spelling and grammatical errors.

56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Finally, despite this Court's prior instruction, plaintiff has failed to allege facts to state a claim to relief that is plausible on its face. Plaintiff states generally that he was denied medical attention and proper medication, but he alleges no facts permitting the inference that any individual deliberately disregarded his serious medical needs. Plaintiff also fails to allege facts that would show he was subjected to unconstitutional conditions of confinement. The Court previously explained to plaintiff the necessity of alleging facts in support of his claims, and will not now assume facts he has not alleged. *See Stone*, 364 F.3d at 914.

For all of the foregoing reasons, the Court concludes that the amended complaint fails to state a claim upon which relief may be granted against Jonathan Rasnic, "Sever[a]l Members from the Intake dept at ERDCC," or any individual who could be identified as a defendant. The Court believes it would be futile to permit plaintiff a second opportunity to file an amended pleading, and will dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of April, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE